YOUNG v. BROWN.

1. PRACTICE. When in an action on a joint and several promissory note the defendants answer severally, the plaintiff may discontinue as to one defendant without discharging the other.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

*T. E. Brown, pro se.*

I. The plaintiff by bringing his action against both of the makers of the note elected to treat it as a joint obligation, 3 Cow. 374, and in an action on a joint contract he must recover against all of the defendants or none. *Greenough, Cook & Co.* v. *Shelden,* 9 Iowa 503; *Morrison* v. *Stoner,* 7 Ib. 493.

II. If the plea is one that might inure to the benefit of all the other defendants, then the plaintiff cannot withdraw his suit as to the defendant filing the same. 3 Cow. 374;

9 Wend. 433; 1 Bur. Pr. 386; 5 Wend. 228; 20 John. R. 16, and the authorities there cited, 4 Iowa 476; 12 Verm. 252.

*Casady, Crocker & Polk* for the appellee.

BALDWIN, J.—This was a suit upon a joint and several promissory note given to plaintiff by one Zoll and the appellant Brown. Zoll and Brown severed in their answer. Zoll pleading usury and Brown alleging that he was merely surety on the note, and also setting up payment. Plaintiff discontinued as to Zoll, and judgment was rendered against Brown upon the note for the full amount thereof. The note being a joint and several one the plaintiff had a right to sue both or either of the makers thereof as he thought proper, and having elected to sue both and they having answered separately, the plaintiff had the right to discontinue his suit as against one without discharging the others.

The questions presented by appellant's assignment, as to the right of Brown to have a replication to the sworn answer of Zoll and the effect of such discontinuance upon the pleadings, do not appear to have been presented to the court below.

Judgment affirmed.